IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

GARRETT HENDERSON                                                                    PLAINTIFF
#259317

V.                              Case No. 4:24-CV-00631-LPR-BBM

ERIC HIGGINS, Pulaski County Sheriff,
Pulaski County Regional Detention; NELSON,
Jail Administrator, Pulaski County Regional
Detention; and BARRY HYDE, Quorum Court
Judge, Pulaski County Quorum Court                                              DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to

United States District Judge Lee P. Rudofsky. You may file written objections to all or part

of this Recommendation. If you do so, those objections must: (1) specifically explain the

factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court

within fourteen (14) days of the date of this Recommendation. If you do not file objections,

Judge Rudofsky may adopt this Recommendation without independently reviewing all of

the evidence in the record. By not objecting, you may waive the right to appeal questions

of fact.

## I.      DISCUSSION

On July 23, 2024, Plaintiff Garrett Henderson ("Henderson"), an inmate in the

Pulaski County Regional Detention Facility ("PCRDF"), along with sixteen fellow

inmates, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging violations of their

constitutional rights. (Doc. 1). The Complaint was severed into seventeen separate lawsuits

and, by order dated July 26, 2024, Henderson was directed to either file a motion to proceed

*in forma pauperis* ("IFP Motion") or pay the $405 filing and administrative fees within

thirty days, as required by 28 U.S.C. § 1915. (Doc. 3). The Order directed the Clerk's office

to mail Henderson an IFP Motion and ordered detention center officials to assist Henderson

in completing the necessary forms. *Id*. at 3. Importantly, the Court informed Henderson of

his duty, under Local Rule 5.5(c)(2), to diligently prosecute his case and cautioned

Henderson that, if he failed to timely comply with the Order, his case would be dismissed

without prejudice. *Id*. at 1–3.

Specifically, under Local Rule 5.5(c)(2), Henderson has a duty to: (1) promptly

notify the Clerk of any changes in his address; (2) monitor the progress of his case; and (3)

prosecute his case diligently. Additionally, Local Rule 5.5(c)(2) provides that, if any

communication from the Court to a *pro se* plaintiff, like Henderson, is not responded to

within 30 days, the case may be dismissed, without prejudice. *Id*.

Henderson has not complied with the July 26 Order, and the time to do so has

passed. Accordingly, this Court recommends that his Complaint be dismissed, without

prejudice, for failure to prosecute.

## II.    CONCLUSION

IT IS THEREFORE RECOMMENDED THAT:

1.      Henderson's Complaint (Doc. 1) be DISMISSED without prejudice for

failure to prosecute.

2.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any order adopting this Recommended Disposition and the accompanying judgment would not be taken in good faith.

DATED this 6th day of September, 2024.

_____
UNITED STATES MAGISTRATE JUDGE

3